JAY McINTOSH AND VIRGINIA McINTOSH, APPEL-LANTS, *v.* H. WAYNE BURROUGHS, ALSO KNOWN AS HARRY WAYNE BURROUGHS, ALSO KNOWN AS HARRY W. BURROUGHS, AND VOHNDELL E. BURROUGHS, HIS WIFE, RESPONDENTS.

No. 7622

June 30, 1976                              551 P.2d 1104

*James W. Johnson, Jr., Hale and Belford,* Reno, for Appellants.

*Rice and Goedert,* Reno, for Respondents.

# OPINION

*Per Curiam:*

This appeal follows a district court judgment quieting title to certain real property. Appellants contend the court erred in not recognizing their "interest in the property." We disagree.

The land in question is a one-half acre parcel in Washoe County. In 1951, respondent Wayne Burroughs and his then wife Virgie bought the land as joint-tenants. In 1966, Virgie Burroughs by gift deed conveyed her one-half interest to her daughter, Vicky Quilici. In 1967, a trustee in bankruptcy sold Wayne Burroughs' original one-half interest to one Samuel Bailey. In January of 1970, Bailey deeded his interest in the property to appellants. Also in January of 1970, Vicky Quilici deeded her interest to her father, Wayne Burroughs and his new wife, Vohndell (respondents).

Except for a very short period of time when Samuel Bailey used a portion of the property, no one but the Burroughs family has ever occupied the property or paid taxes thereon. At all times relevant to this dispute, the persons assessed as owners of the property for tax purposes have been the Burroughs family.

Some time after the 1967–68 tax assessments were made, the property taxes fell delinquent. Accordingly, pursuant to NRS 361.570, the county tax receiver issued a certificate to the Washoe County Treasurer authorizing the county to hold the land for the two-year redemption period.[1] Since the property was not redeemed during the two-year statutory period, a tax deed pursuant to NRS 361.590(1) was issued to the Washoe County Treasurer as trustee for the State and county.[2] On January 19, 1971, upon payment of all delinquent taxes, interest and assessments, the Washoe County Treasurer issued a deed of reconveyance to respondents pursuant to NRS 361.585(3).

At all times relevant to this dispute, NRS 361.585(3) provided: "Notwithstanding the provisions of NRS 361.595 or 361.603, at any time during the 90-day period specified in

---

[1] NRS 361.570 provides:

"1. Pursuant to the notice given as provided in NRS 361.565 and at the time so noticed, the tax receiver shall make out his certificate authorizing the county treasurer as trustee for the state and county to hold the property described therein for the period of 2 years after the date thereof, unless sooner redeemed.

"2. The certificate should specify:

"(a) The amount of delinquency, including the amount and year of assessment; and

"(b) The taxes and the penalties and costs added thereto, and that interest thereon will be added at the rate of 10 percent per annum from the date due until paid; and

"(c) The name of the owner or taxpayer, if known.

"3. The certificate shall state, and it is hereby provided:

"(a) That the property may be redeemed within 2 years from its date; and

"(b) That if not redeemed, the title to the property shall vest in the county for the benefit of the state and county.

"4. Until the expiration of the period of redemption, the property held pursuant to the certificate shall be assessed annually to the county treasurer as trustee, and before the owner or his successor shall redeem such property he shall also pay the county treasurer holding the certificate any additional taxes assessed and accrued against the property after the date of the certificate, together with the interest thereon at the rate of 10 percent per annum from the date due until paid.

"5. It shall be the county treasurer's duty to take certificates issued to him under the provisions of this section."

[2] NRS 361.590(1) provides:

"If the property is not redeemed within the time allowed by law for its redemption, the tax receiver or his successor in office must make to the county treasurer as trustee for the state and county a deed of the property, reciting in the deed substantially the matters contained in the certificate of sale and that no person has redeemed the property during the time allowed for its redemption."

NRS 361.603, or prior to the public notice of sale by a county treasurer, pursuant to NRS 361.595, of any property held in trust by him by virtue of any deed made pursuant to the provisions of this chapter, any person who was the owner, beneficiary under a deed of trust or mortgagee under a mortgage of such property, or to whom such property was assessed, or who held a contract to purchase such property, prior to being so conveyed to the county treasurer, or the successor in interest of any such person, shall have the right to have such property reconveyed to him upon paying the county treasurer an amount equal to the taxes accrued, together with any costs, penalties and interest legally chargeable against such property."[3]

Specifically, appellants contend that because of a "co-tenancy" relationship between the parties, NRS 361.585(3), in its form at that time, must be construed to contemplate that one owner accepts a reconveyance on behalf of all owners. Under the circumstances here presented, we cannot agree; nor do we deem extensive interpretation of the statute necessary.

Appellants cite authority for the proposition that one co-tenant who pays delinquencies, does so for the benefit of all co-tenants. However, the authorities cited involved statutory schemes differing from NRS 361.585(3). See for example: Lomax v. Gindell, 7 N.E. 483 (Ill. 1886).

The relationship of the present parties involved neither a fiduciary relationship, nor even circumstances from which any expectation of trust or reliance might arise. As appellants stated in their opening brief before this court: "Burroughs and McIntosh were naked tenants in common. They took under separate conveyances. They had no connection or relation with each other. They were strangers who happened to co-own property." Appellants apparently received their interest in the property in return for the issuance of certain bail bonds necessitated by Sam Bailey's unsuccessful criminal endeavors. The district court's decision reflects that in early January, 1971, Wayne Burroughs called on Jay McIntosh at his Reno office. Burroughs' purpose was to discuss the tax situation and possibly purchase appellant's interest in the property. The taxes were not actually discussed. McIntosh indicated he was merely holding the property for Sam Bailey until Bailey got

---

[3] NRS 361.585 was significantly amended by the 1973 session of the Nevada Legislature.

out of prison and that Bailey "could steal enough in one night to pay him back." The record amply supports these factual determinations. Thus, they cannot be disturbed. Western Indus., Inc. v. General Ins. Co., 91 Nev. 222, 533 P.2d 473 (1975).

Under these circumstances, we believe the district court correctly determined that respondents bore appellants no obligation, fiduciary or otherwise, in regard to the property, and correctly determined that respondents were entitled to a decree quieting title thereto.[4]

Affirmed.

---

[4]We note in passing that appellants neither pleaded nor proved any allegations of fraudulent conduct. Also, we note that appellant has never actually tendered a pro rata share of the delinquencies. In their answer to the complaint, appellant indicated an ability and willingness to tender. However, tender commonly requires an actual payment to the court or proffer of money owed to the tenderee. Kammert Bros. Enterprises v. Tanque Verde Plaza Co., 420 P.2d 592 (Ariz.App. 1966).