ROY J. CASAZZA AND GWEN T. CASAZZA, APPELLANTS, *v.* A-ALLSTATE` ABSTRACT COMPANY, A NEVADA CORPORATION, SYNDICATED INVESTORS, INC., A NEVADA CORPORATION, FIRST COMMERCIAL TITLE, A NEVADA CORPORATION, RESPONDENTS.

No. 15514

June 27, 1986                                    721 P.2d 386

---

[1]Bader's remaining assignments of error are meritless.

[2]The Governor designated the Honorable Thomas A. Foley, Judge of the Eighth Judicial District Court, to participate in this appeal. Nev. Const., art. 6, sec. 4. THE HONORABLE CLIFF YOUNG, Justice, did not participate in the consideration of the appeal or the petition for rehearing.

[Rehearing denied December 15, 1986]

*Stan L. Lyon,* Reno, for Appellants.

*Gordon C. Shelley, Don Aimar, Robert Bruce Lindsay,* and *Richard C. Minor,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment. For the reasons expressed below, we affirm.

Respondents and appellants each held separate deeds of trust on three parcels of land as security for loans made to the landowners. Respondents' deed of trust was recorded prior to appellants' deed of trust. Therefore, respondents' lien was senior to that of appellants.

The landowners failed to pay the property taxes on the three parcels of land. Accordingly, pursuant to NRS 361.570,[1] the

---

[1] NRS 361.570 provides:

    1. Pursuant to the notice given as provided in NRS 361.565 and at the time so noticed, the tax receiver shall make out his certificate authorizing the county treasurer as trustee for the state and county to hold the property described in the notice for the period of 2 years after the 1st Monday in May of the year the certificate is dated, unless sooner redeemed.

    2. The certificate should specify:

    (a) The amount of delinquency, including the amount and year of assessment;

    (b) The taxes and the penalties and costs added thereto, and that interest on the taxes will be added at the rate of 10 percent per annum from the date due until paid; and

    (c) The name of the owner or taxpayer, if known.

    3. The certificate must state, and it is hereby provided:

county tax receiver issued a certificate to the county treasurer, authorizing the county treasurer to hold the properties for the two-year redemption period. Because the properties were not redeemed during the two-year statutory period, two tax deeds pursuant to NRS 361.590[2] were issued to the county treasurer as trustee for the state and county. After appellants paid the delinquent taxes, interest and assessments, the county treasurer issued two deeds of reconveyance to the appellants pursuant to NRS 361.585(3) and (4).[3] Appellants subsequently recorded their deeds and took possession of the properties.

---

(a) That the property may be redeemed within 2 years from its date; and

(b) That if not redeemed, the title to the property vests in the county for the benefit of the state and county.

4. Until the expiration of the period of redemption, the property held pursuant to the certificate must be assessed annually to the county treasurer as trustee, and before the owner or his successor redeems the property he shall also pay the county treasurer holding the certificate any additional taxes assessed and accrued against the property after the date of the certificate, together with the interest on the taxes at the rate of 10 percent per annum from the date due until paid.

5. It shall be the county treasurer's duty to take certificates issued to him under the provisions of this section.

[2]NRS 361.590 provides in relevant part:

1. If the property is not redeemed within the time allowed by law for its redemption, the tax receiver or his successor in office must make to the county treasurer as trustee for the state and county a deed of the property, reciting in the deed substantially the matters contained in the certificate of sale or, in the case of a conveyance under NRS 361.604, the order of the board of county commissioners, and that no person has redeemed the property during the time allowed for its redemption.

. . . .

5. *The deed conveys to the county treasurer as trustee for the state and county the property described therein, free of all encumbrances,* except any easements of record for public utility purposes, any lien for any taxes or assessments by any irrigation or other district for irrigation or other district purposes, and any interest and penalties on the property, except when the land is owned by the United States or this state, in which case it is prima facie evidence of the right of possession accrued as of the date of the deed to the purchaser, but without prejudice to the lien for other taxes or assessments or the claim of any such district for interest or penalties.

. . . .

(Emphasis added.)

[3]NRS 361.585 provides in relevant part:

1. When the time allowed by law for redemption has expired, and no redemption has been made, the tax receiver who issued the certificate, or his successor in office, shall execute and deliver to the county treasurer a deed of the property described in each respective certificate in trust for the use and benefit of the state and county and any officers having fees due him in such cases.

2. The county treasurer and his successors in office, upon obtaining a deed of any property in trust under the provisions of this chapter,

Respondents, acting in their capacity as senior lienholders, served appellants with a notice of default and election to sell the properties. Appellants then filed a complaint for declaratory relief in the district court seeking to quiet title. Thereafter, both parties moved for summary judgment. The district court granted summary judgment in respondents' favor, concluding that the tax deeds issued to appellants did not extinguish respondents' rights as senior lienholders. This appeal followed.

Appellants contend that when the two-year redemption period contained in NRS 361.570(3) expired, the tax receiver issued to the county treasurer a deed "free of all encumbrances" except for easements of record and certain tax liens. *See* NRS 361.590(5). Appellants further contend that the county treasurer granted all of the county's title and interest in the properties to the appellants when they paid the tax delinquency pursuant to NRS 361.585(3). Accordingly, appellants conclude that they now hold the properties "free of all encumbrances," including respondents' prior lien.

On the other hand, respondents argue that the reconveyance statute, NRS 361.585(3), is designed to grant one last chance for redemption prior to public tax sale but after the expiration of the two-year redemption period. Respondents conclude that when appellants paid the tax delinquency, they in effect "redeemed"

shall hold that property in trust until it is sold or otherwise disposed of pursuant to the provisions of this chapter.

3. Notwithstanding the provisions of NRS 361.595 or 361.603, at any time during the 90-day period specified in NRS 361.603, or before the public notice of sale by a county treasurer, pursuant to NRS 361.595, of any property held in trust by him by virtue of any deed made pursuant to the provisions of this chapter, *any person or persons specified in subsection 4 is entitled to have such property reconveyed upon payment to the county treasurer of an amount equal to the taxes accrued, together with any costs, penalties and interest legally chargeable against such property.* A reconveyance shall not be made after expiration of the 90-day period specified in NRS 361.603 or after commencement of posting or publication of public notice pursuant to NRS 361.595.

4. Property may be reconveyed pursuant to subsection 3 to *one or more of the persons* specified in the following categories, or to one or more persons within a particular category, as their interests may appear of record:

    (a) The owner.

    (b) *The beneficiary under a deed of trust.*

    (c) The mortgagee under a mortgage.

    (d) The person to whom the property was assessed.

    (e) The person holding a contract to purchase the property before its conveyance to the county treasurer.

    (f) The successor in interest of any person specified in this subsection.

    . . . .

(Emphasis added.)

the properties for appellants' own benefit, and for the benefit of other holders of interests in the properties.

When a statute may be interpreted in varying ways, it is the duty of this court to select the construction that will best give effect to the intent of the legislature. *See* Thompson v. District Court, 100 Nev. 352, 683 P.2d 17 (1984) (although court will not go beyond statutory language if it is clear on its face, the legislature's intent in enacting the statute is the factor that controls its interpretation). With this standard in mind, we turn to an analysis of the statutes in question.

The present statutory scheme for the collection of property taxes was first enacted by the legislature in 1953. *See* 1953 Nev. State., ch. 344. Under this scheme, a two-year period was allowed in which the owner or his successor could redeem the property after the taxes were declared delinquent by the tax receiver. If the property was not redeemed, the tax receiver was required to make out a deed to the county treasurer for the benefit of the state and the county. The treasurer could then proceed to sell the property at a public tax sale. In order to enable the treasurer to give the purchaser at the tax sale "an absolute deed" to the property, it was necessary that the treasurer hold a title "free of all encumbrances." *Id.* Therefore, the deed to the treasurer from the receiver was necessarily "free of all encumbrances." Significantly, the scheme enacted in 1953 did not include any provision for transfer of the property by the treasurer other than through a tax sale.

Although the statutory scheme has been amended a number of times since 1953, the substance of the scheme has remained unchanged with the exception of one major alteration made in 1957 when the legislature enacted the reconveyance statute that is the subject of this appeal.

In 1957, the legislature enacted the statute that eventually became the present NRS 361.585(3) and (4). Under this statute, the legislature provided owners and others holding interests in property conveyed to the county treasurer following the two-year redemption period an additional opportunity to protect their interests. Persons listed in NRS 361.585(4) may, pursuant to NRS 361.585(3), obtain from the county treasurer a *reconveyance* of properties conveyed to the county treasurer following the two year redemption period by paying the delinquent taxes, plus penalties, interest and costs incident to the administration of the tax statutes. This appeal presents the issue of the characterization of this additional opportunity to have the property "reconveyed."

A close reading of the statutory scheme set forth in NRS 361.565 through NRS 361.604 compels the conclusion that the legislature intended the reconveyance provided in NRS 361.585(3) to operate as a redemption. Two statutes provide in

similar terms for a conveyance of property to the county treasurer following the two-year redemption period specified in NRS 361.570. The first statute which provides for a deed to the county treasurer is NRS 361.585(1) and (2). Subsections (3) and (4) of that same statute contain provisions allowing reconveyance of the property upon the payment of the delinquent taxes, plus penalties, interest and incidental costs, to certain persons who held interests in the property prior to the time the property was conveyed to the county. Significantly, this section of the statutory scheme does not include any provision relating to the quality of the deed from the tax receiver to the county treasurer, or the quality of the deed from the county treasurer to the person entitled to reconveyance of the property.

The second statute that provides for a deed to the county treasurer is NRS 361.590. NRS 361.590(5) provides expressly that the deed transfers the property to the county treasurer "free of all encumbrances." As noted above, it is necessary that the county treasurer obtain title free of encumbrances in order that he be enabled to convey a clear title to a subsequent purchaser at a tax sale. Apparently, however, the legislature did not deem it necessary for the county treasurer to obtain a title free of encumbrances in order to enable him to *reconvey* title pursuant to NRS 361.585(3) and (4), because the legislature did not provide in NRS 361.585 that the deed to the county treasurer was free of all encumbrances.

NRS 361.595 provides the following methods by which the county treasurer may transfer a title free of all encumbrances:

> 1. Any property held in trust by any county treasurer by virtue of any deed made pursuant to the provisions of this chapter may be *sold and conveyed* in the manner prescribed in this section and in NRS 361.603 or *conveyed without sale* as provided in NRS 361.604.

(Emphasis added.) Pursuant to this statute, the county treasurer may "convey" title to the property in one of three ways: (1) by public sale; (2) by private sale to a government entity, NRS 361.603; or (3) by transfer without sale to a qualifying Indian tribe, NRS 361.604. When the property is so "conveyed," the county treasurer must execute and deliver to the purchaser "an absolute deed." NRS 361.595(4). This statute does not provide that the property may be *conveyed* to any of the prior interest holders enumerated in NRS 361.585(4) who may compel *reconveyance* by paying the delinquent taxes, plus penalties, interest and costs.

The legislature has not used the terms convey and reconvey synonymously. Instead, each term has a specific meaning which cannot be confused without frustrating the legislative scheme.

Significantly, the county treasurer may only *convey* the property to a purchaser for a price equal to or greater than a price set by the board of county commissioners. NRS 361.595. It is contemplated that this price reflect the full value of the property. *See* County of Clark v. Roosevelt Title Ins., 80 Nev. 530, 396 P.2d 844 (1964). On the other hand, the county treasurer must *reconvey* the property pursuant to NRS 361.585(3) and (4) in return for payment of the delinquent taxes plus penalties, interest and costs.[4] It seems clear, therefore, that a party cannot have an interest *reconveyed* which it did not previously possess. The opposite result, advanced by appellants, could cause harsh, unfair and even absurd results.

For example, under NRS 361.585(4), the owner of property, or his successor in interest, is among those enumerated who may cause reconveyance of the property. It would clearly be unfair to allow an owner of property to mortgage the property heavily, then fail to pay the taxes or redeem the property during the two-year redemption period, but nonetheless obtain a title to the property free of the mortgage debts upon late payment of the delinquent taxes pursuant to NRS 361.585(3) and (4).

Even more disturbing, under NRS 361.603, if a local government wishes to purchase property which was not redeemed during the two-year redemption period, notice must first be given to the last known owner of the property. The owner is then given an additional 90 days in which to redeem the property by paying the delinquent taxes, plus penalties, interest and costs. It is during this 90 day period that prior holders of interests in the property, including the owner, may compel reconveyance of the property pursuant to NRS 361.585(3) and (4). Therefore, under appellants' construction of the statutes, the owner could either redeem the property subject to all outstanding interests pursuant to NRS 361.603(3), or pay the same amount of money and compel the county treasurer to reconvey the property to him free and clear of all encumbrances pursuant to NRS 361.585(3) and (4).

The facts of this case serve as an appropriate illustration of a third example of the arbitrary results that could be reached under appellants' theory of the case. Appellants assert that respondents did nothing to protect their interests in the property, although *respondents could have procured a reconveyance of the property in the same manner as appellants.* However, simple reasoning compels the conclusion that the county treasurer could not have delivered a deed free of all encumbrances to respondents after the

---

[4]While it is true, as appellants assert, that in some cases the taxes, penalties, interest and costs could exceed the value of the property, in the majority of cases, the value of the property will far exceed the cost of reconveyance. Indeed, if the cost of reconveyance of the property exceeds the value of the property, we may safely assume that no one will want to pay the price of reconveyance.

treasurer delivered a similar deed to appellants. Therefore, respondents could only have protected their interests in the property in the manner proposed by appellants if they had arrived at the treasurer's office before appellants did. Surely, the legislature did not intend such a race to the treasurer's office, because the legislature provided expressly that reconveyance could be to one or more of the parties listed in NRS 361.585(4).

Numerous other examples could be hypothecated. However, the three examples mentioned above are sufficient to demonstrate that the legislature did .not enact NRS 361.585 with the intention of allowing any party to cause reconveyance of any interest greater than the interest he previously held.

With this analysis as a backdrop, the legislative scheme seems clear. If property taxes become delinquent, the tax receiver issues a certificate to the county treasurer which allows the treasurer to hold the property for a two-year period. NRS 361.570(1). During this two-year period, the owner of the property or his successor may redeem the property by paying the delinquent taxes, plus penalties, interest and costs. NRS 361.570(3)(a) and (4). If the property is not redeemed, title to the property vests in the county immediately on the expiration of the two-year redemption period. NRS 361.570(3)(b). The tax receiver must then deed the property to the county treasurer. NRS 361.585(1); NRS 361.590. This deed is free of all encumbrances. NRS 361.590(5). A short period follows during which the owner and other holders of interests of record may cause *reconveyance* of the property by paying the taxes due, plus penalties, interest and costs. NRS 361.585(3) and (4). This reconveyance is in the nature of a redemption, and divests the county of its title to the property. If no redemption is made during this additional redemption period, the county may dispose of the property in an appropriate sale. NRS 361.595. The purchaser of the property receives an absolute deed to the property from the county treasurer. NRS 361.595(4).

We conclude that appellants redeemed the property from a tax sale subject to the superior lien of respondents. We are aware that this opinion is inconsistent with our decision in McIntosh v. Burroughs, 92 Nev. 417, 551 P.2d 1104 (1976). Accordingly, *McIntosh* is expressly overruled. We have considered appellants' remaining contentions and conclude that they are without merit. We, therefore, affirm the decision of the district court in all respects.

MOWBRAY, C. J., and GUNDERSON, STEFFEN, and YOUNG, JJ., and GUY, D. J.,[5] concur.

---

[5]The Governor designated the Honorable Addeliar D. Guy, Judge of the Eighth Judicial District Court, to sit in place of JUSTICE CHARLES E. SPRINGER, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.