134 Nev., Advance Opinion 33

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAS VEGAS DEVELOPMENT GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>JAMES R. BLAHA, AN INDIVIDUAL; BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION, AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A., A TEXAS CORPORATION; EZ PROPERTIES, LLC, A NEVADA LIMITED LIABILITY COMPANY; K&L BAXTER FAMILY LIMITED PARTNERSHIP, A NEVADA LIMITED PARTNERSHIP; AND NOBLE HOME LOANS, INC., F/K/A FCH FUNDING, INC., AN UNKNOWN CORPORATE ENTITY,<br>Respondents. | No. 71875<br><br>FILED<br><br>MAY 03 2018<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Affirmed in part, reversed in part, and remanded.*

Roger P. Croteau & Associates, Ltd., and Roger P. Croteau and Timothy E. Rhoda, Las Vegas,
for Appellant.

Kolesar & Leatham and Aaron R. Maurice and Brittany Wood, Las Vegas,
for Respondents James R. Blaha and Noble Home Loans, Inc.

18-16777

Akerman, LLP, and Darren T. Brenner and William S. Habdas, Las Vegas, for Respondents Bank of America, N.A., and Recontrust Company, N.A.

Law Offices of Kevin R. Hansen and Kevin R. Hansen, Las Vegas, for Respondents EZ Properties, LLC, and K&L Baxter Family Limited Partnership.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, HARDESTY, J.:

In this opinion, we consider whether the time limitations in NRS 107.080(5)-(6) (2010)[1] bar an action challenging an NRS Chapter 107 nonjudicial foreclosure where it is alleged that the deed of trust had been extinguished before the sale. Because such an action challenges the authority to conduct the sale, rather than the manner in which the foreclosure was conducted, we conclude that the time limitations set forth in NRS 107.080(5)-(6) do not apply to such an action.

### FACTS AND PROCEDURAL HISTORY

This case involves a residential property located in a common-interest community governed by the Nevada Trails II Community

---

[1]NRS 107.080 was amended after 2010. *See, e.g.*, 2011 Nev. Stat., ch. 81, § 9, at 332. However, because a notice of default and election to sell was recorded in April 2011 in this case, prior to the effective date of the amendments, all references in this opinion are to the 2010 statute in effect at the time of the notice. *See* 2010 Nev. Stat. 26th Spec. Sess., ch. 10, § 31, at 77-79.

Association (HOA). The former homeowner, who is not a party to this case, purchased the property for $456,000 with a loan secured by a first deed of trust that was assigned to respondent Bank of America, N.A. (BANA).[2] By 2010, the homeowner had fallen delinquent on both his loan obligations and his HOA assessments. The HOA and BANA each initiated separate nonjudicial foreclosure sales.

On April 12, 2011, the HOA held a nonjudicial foreclosure sale pursuant to NRS Chapter 116. Appellant Las Vegas Development Group, LLC (LVDG) purchased the property at the HOA foreclosure sale for $5,200, and recorded the deed on April 13, 2011. Approximately five months later, on August 29, 2011, BANA conducted a foreclosure sale pursuant to NRS Chapter 107, at which respondent EZ Properties, LLC, purchased the property for $151,300. EZ then sold the property to respondent James R. Blaha for $208,000, and Blaha recorded his deed on September 30, 2011.[3] Both LVDG and Blaha have recorded title to the property.

On March 19, 2015, LVDG filed a complaint in the district court, asserting five causes of action against all of the respondents: (1) quiet title, (2) equitable mortgage, (3) slander of title, (4) wrongful foreclosure, and (5) rescission. LVDG also asserted a cause of action for unjust

---

[2]The loan was initially secured through Countrywide Bank, FSB, and was then assigned to BAC Home Loans Serving, LP, which eventually merged with BANA.

[3]Respondents Blaha and his lender, Noble Home Loans, Inc., filed a joint answering brief. Respondents BANA and Recontrust Company, N.A., the trustee of the first deed of trust, filed a joinder to the answering brief. We refer to these respondents collectively as Blaha. We note that respondents EZ and K&L Baxter Family Limited Partnership failed to file an answering brief, and we treat this failure as a confession of error as to these respondents. *See* NRAP 31(d)(2).

enrichment against BANA, Recontrust Company, N.A., and EZ, and a cause of action for conversion against BANA and Recontrust. LVDG relied on *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), to argue that the HOA foreclosure sale extinguished the first deed of trust and therefore BANA lacked authority to conduct a nonjudicial foreclosure sale on the property. Thus, according to LVDG, BANA's foreclosure sale and all subsequent transfers of the property were void and LVDG is the rightful owner of the property.

Blaha moved for summary judgment, arguing primarily that LVDG's claims were barred by the statute of limitations in NRS 107.080(5)-(6) because LVDG failed to file the complaint within 90 or 120 days of the deed-of-trust foreclosure sale. Blaha also argued that the slander of title claim should be dismissed as untimely under NRS 11.190(4)(c) (2010). In response, LVDG contended that the time limitations in NRS 107.080(5)-(6) did not apply to its claims because the deed-of-trust foreclosure sale was void ab initio. LVDG did not oppose summary judgment for the slander of title claim. The district court granted Blaha's motion for summary judgment on the slander of title claim and concluded that the 90- or 120-day statute of limitations in NRS 107.080(5)-(6) barred all of LVDG's remaining causes of action.

LVDG appeals from the grant of summary judgment. Accordingly, the narrow issue we consider is whether NRS 107.080(5)-(6) applies to challenges to the authority behind a NRS Chapter 107 nonjudicial foreclosure sale.[4]

---

[4]LVDG also argues that the district court erred by entering a written order that contained factual issues not discussed at the hearing on the

SUPREME COURT
OF
NEVADA

(O) 1947A

4

## DISCUSSION

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." NRCP 56(c). "This court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Here, the parties do not dispute the operative facts, and we are presented only with a question of statutory interpretation and application, which "is a question of law subject to our de novo review." *Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev. 118, 123, 319 P.3d 618, 621 (2014).

"When a statute's language is plain and unambiguous, we will give that language its ordinary meaning." *McGrath v. State, Dep't of Pub. Safety*, 123 Nev. 120, 123, 159 P.3d 239, 241 (2007). "We only look beyond the plain language if it is ambiguous or silent on the issue in question." *Allstate Ins. Co. v. Fackett*, 125 Nev. 132, 138, 206 P.3d 572, 576 (2009). Thus, we begin with the plain language of NRS 107.080.

LVDG argues that NRS 107.080(5)-(6) governs only procedural defects in the manner in which an NRS Chapter 107 nonjudicial foreclosure sale is conducted, and thus does not apply to LVDG's action, which challenges the authority behind the foreclosure sale. LVDG contends that

---

motion for summary judgment. LVDG does not provide authority for its argument; thus, LVDG fails to cogently argue the issue and we decline to decide it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (concluding that this court need not address issues not cogently argued and supported by relevant authority).

 

because the HOA foreclosure sale extinguished the first deed of trust, BANA had no security interest in the property and thus no authority to foreclose on the property. LVDG argues that the plain language of NRS 107.080(5) presumes that the individual conducting the sale has authority to do so, which further demonstrates that NRS 107.080(5)-(6) does not apply to situations where the foreclosing entity lacks the proper authority to foreclose. Blaha contends that the time limitations in NRS 107.080(5)-(6) apply to all challenges to NRS Chapter 107 nonjudicial foreclosure sales. Blaha argues that the legislative history, which demonstrates that the Legislature's intent in enacting NRS 107.080(5)-(6) was to ensure that individuals could not overturn foreclosure sales indefinitely, supports this position.

NRS 107.080 governs nonjudicial deed-of-trust foreclosure sales and sets forth the substantive requirements and procedures for such sales. Subsection 5(a) states that a sale under "this section may be declared void" if the individual "authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087."[5] 2010 Nev. Stat. 26th Spec. Sess., ch. 10, § 31, at 78. Subsection 5(b) requires that such an action be commenced "within 90 days after the date of the sale." *Id.* Subsection 6 allows 120 days to commence an action if proper notice is not given. *Id.* Thus, if the person authorized to conduct the sale fails to substantially comply with NRS 107.086, NRS 107.087, or one of NRS 107.080(5)'s provisions, it can render the sale void.

---

[5]NRS 107.086 (2010) included "[a]dditional requirements for sale of owner-occupied housing: Notice; form; election of mediation; adoption of rules concerning mediation; applicability." NRS 107.087 (2010) provided the requirements for the notice of default and election to sell and the notice of sale for a residential foreclosure.

By the statute's plain language, challenges to those violations are subject to the time limitations in subsections 5 and 6. However, the language of NRS 107.080 presumes that the person making this sale is authorized to do so as trustee or as the person designated under the terms of the deed of trust or transfer in trust. In this case, it is alleged that the security interest of the deed of trust was extinguished by the prior HOA foreclosure sale leaving the person to conduct the sale without authority to do so.

According to Blaha, we previously determined that NRS 107.080 applies to all challenges to a nonjudicial foreclosure sale in *Building Energetix Corp. v. EHE, LP*, 129 Nev. 78, 85-86, 294 P.3d 1228, 1234 (2013).[6] We disagree. *Building Energetix* involved a delinquent-tax certificate issued to the county treasurer prior to a nonjudicial foreclosure sale. *Id.* at 79-80, 294 P.3d at 1230. The issue was "whether, consistent with NRS 107.080(5), a trust-deed beneficiary who acquires such property on credit bid at the foreclosure sale can later redeem, or obtain reconveyance of, the property from the county treasurer." *Id.* at 79, 294 P.3d at 1230. Thus, we were not confronted with, nor did we decide, whether NRS 107.080

---

[6]Blaha also contends that we previously held that all challenges to a nonjudicial foreclosure sale are subject to NRS 107.080's time limitations in *Michniak v. Argent Mortgage Co., LLC*, Docket No. 56334 (Order of Affirmance, Dec. 14, 2012). First, we caution counsel that pursuant to NRAP 36(c)(3), parties can only cite to unpublished dispositions as persuasive authority if they were "issued by the Supreme Court on or after January 1, 2016." Nevertheless, we emphasize that in *Michniak*, the appellant focused its appeal, including its claim for quiet title, only on the provisions of NRS 107.080. Thus, we held that his claims were barred by the time limitations in NRS 107.080. Here, LVDG does not focus its claims on the procedural provisions of NRS 107.080. Thus, Blaha's reliance on *Michniak* is misplaced.

applies to all challenges to an NRS Chapter 107 nonjudicial foreclosure sale.[7]

Blaha also contends that the application of NRS 107.080(5)-(6) to all claims challenging an NRS Chapter 107 foreclosure sale is consistent with the legislative history of the statute, which indicates that the legislators were concerned about individuals having the ability to reverse a foreclosure sale indefinitely. While that concern was stated at the hearing on the legislation, it was in the context of the statutory violations of NRS 107.080. *See* Hearing on S.B. 217 Before the Senate Judiciary Comm., 74th Leg. (Nev., March 21, 2007); Hearing on S.B. 217 Before the Assembly Judiciary Comm., 74th Leg. (Nev., May 2, 2007). The legislators did not discuss scenarios where the deed of trust is void. Thus, we conclude that the legislative history supports the plain language of NRS 107.080 and demonstrates that the legislators were not contemplating challenges to a foreclosing entity's authority. *See* Hearing on S.B. 217 Before the Senate Judiciary Comm., 74th Leg. (Nev., March 21, 2007).

After our consideration of the issue in this case, we agree with LVDG that there are instances apart from those enumerated in NRS 107.080(5) in which a court may set aside a nonjudicial foreclosure sale. *See, e.g., Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1112 (2016) (acknowledging that a

---

[7]Similarly, Blaha's reliance on *Tai-Si Kim v. Kearney*, 838 F. Supp. 2d 1077 (D. Nev. 2012), is misplaced. In *Kearney*, the plaintiffs sought quiet title under the theory that they were subsequent good faith purchasers without knowledge of another's interest in the disputed property. *Id.* at 1088. The court held that "a *valid* trustee's foreclosure sale terminates legal and equitable interests in the property" and noted that the plaintiffs had notice of the sale. *Id.* at 1089 (emphasis added). Thus, the court did not consider the same issue that is before us in this case.

court may set aside a nonjudicial foreclosure sale if equitable grounds exist for doing so). Accordingly, we conclude that NRS 107.080(5) only applies to actions challenging the procedural aspects of a nonjudicial deed-of-trust foreclosure sale.

LVDG's complaint primarily sought to quiet title to the property and have BANA's foreclosure sale of the property declared void because the first deed of trust had been extinguished by the earlier HOA foreclosure sale. Based on LVDG's arguments under *SFR Investments Pool*, 130 Nev. 742, 334 P.3d 408, in which we held that a valid HOA foreclosure sale extinguishes a first deed of trust on the property, it is clear that LVDG is not challenging the procedural aspects of the foreclosure sale, such as BANA's failing to meet the requirements for the notice of default and election to sell, which would invoke the time limitations in NRS 107.080. Rather, LVDG's claim challenges the authority behind the foreclosure sale, which requires a determination of "who holds superior title to a land parcel." *See McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 129 Nev. 610, 616, 310 P.3d 555, 559 (2013). This claim, seeking to quiet title and have its rights determined on the merits, is governed by NRS 11.080, which provides for a five-year statute of limitations.[8] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev., Adv. Op. 3, 388 P.3d 226, 232 (2017). Accordingly, we conclude that LVDG's action for quiet title is appropriately governed by NRS 11.080.

---

[8]The parties do not argue, nor do we reach, whether LVDG's remaining causes of action may be time-barred under other statutes of limitations. Rather, our holding is limited to concluding that, because the remaining causes of action are dependent on the validity of BANA's foreclosure sale, those causes of action are not governed by NRS 107.080(5)-(6).

Our decision aligns with Nevada's federal courts that have considered this same issue. For example, in *Las Vegas Development Group, LLC v. Yfantis*, the defendant similarly argued that the plaintiff's claims for wrongful foreclosure were time-barred by NRS 107.080(5). 173 F. Supp. 3d 1046, 1060-61 (D. Nev. 2016). The court determined that the "wrongful foreclosure claim [wa]s not based on a violation of [NRS] 107.080's procedural aspects of foreclosure, and thus [NRS] 107.080(5)'s limitation period d[id] not apply. Rather, [the plaintiff] contends [the defendant] had no authority to conduct the foreclosure sale because its security interest in the property had been extinguished." *Id.* at 1061; *see also Las Vegas Dev. Grp., LLC v. Steven*, No. 2:15-CV-01128-RCJ-CWH, 2016 WL 3381222, at *5 (D. Nev. June 14, 2016) ("[NRS] 107.080(5) does not apply to [the plaintiff's] wrongful foreclosure claim because the claim is not based on the procedural requirements of that section. Instead, [the plaintiff] challenges the authority behind the foreclosure, not the foreclosure act itself." (internal quotation marks omitted)). Similarly, here, LVDG is challenging the authority behind the sale, not the foreclosure procedure itself. Therefore, we agree that NRS 107.080(5) does not govern LVDG's action to quiet title. Accordingly, we reverse in part the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

 

We further affirm in part the district court's grant of summary judgment on LVDG's slander of title claim.

_____, J.
Hardesty

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich