NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL HARKEY, | No. 17-15421 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00177-RFB-GWF |
| v. | |
| EARL BEUTLER; EVE BEUTLER, | MEMORANDUM AND ORDER* |
| Defendants-Appellees. | |

| | |
|---|---|
| MICHAEL HARKEY, | No. 17-15683 |
| | 18-16011 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:14-cv-00177-RFB-GWF |
| SELECT PORTFOLIO SERVICING; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted June 9, 2020**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and HURWITZ, Circuit Judges, and ROYAL,[***] District Judge.

In this action, Michael Harkey[1] raises several claims stemming from the loss of his property in a nonjudicial foreclosure sale in January 2009. Harkey challenges the following district court orders:

- (1) the district court's dismissal of Harkey's quiet title claim and its order denying reconsideration;

- (2) the district court's subsequent dismissal, with prejudice, of the remaining counts in Harkey's operative complaint, as part of a discovery sanction; and

- (3) the district court's award of attorneys' fees to Defendants.

Moreover, Harkey requests that, in the event of a remand, we reassign his case to another judge. We have jurisdiction of these appeals under 28 U.S.C. § 1291 and affirm.[2]

---

[***] The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

[1] Appellant's briefing suggests that Harkey, an individual, assigned his interest in this lawsuit to the Harkey Operating Trust, an entity. However, Appellant's briefing also concedes that Harkey, the individual, is the named Plaintiff and Appellant in this case. Moreover, whether Harkey validly assigned his interest in this lawsuit to a successor entity is not argued on appeal, or otherwise material to our disposition. Accordingly, herein we refer only to Plaintiff-Appellant Harkey.

[2] We grant Harkey's three pending motions for judicial notice. Dkt. Nos. 31, 33, 78.

1. Reviewing de novo, *see Kennedy v. S. Cal. Edison, Co.*, 268 F.3d 763, 767 (9th Cir. 2001) (per curiam), we affirm the district court's dismissal of Harkey's quiet title claim. Because Harkey's quiet title claim alleges procedural errors in a foreclosure sale, the then-applicable 90-day and 120-day limitations periods in Nev. Rev. Stat. § 107.080(5) and (6) (2007) applied. *See Las Vegas Dev. Grp., LLC v. Blaha*, 416 P.3d 233, 236 n.6 (Nev. 2018) (recognizing the applicability of Nev. Rev. Stat. § 107.080's statutes of limitations for quiet title actions challenging foreclosure sales due to violations of Nev. Rev. Stat. § 107.080 (citing *Michniak v. Argent Mortg. Co., LLC*, 381 P.3d 641 (Nev. Dec. 14, 2012) (unpublished))). Harkey's lawsuit was filed in February 2014, more than five years after the challenged nonjudicial foreclosure in January 2009.

2. We also affirm the district court's dismissal with prejudice of Harkey's remaining claims as part of a dismissal sanction. We review dismissal sanctions for abuse of discretion. *See Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1052 (9th Cir. 1998). Dismissal sanctions must target non-compliance based on a party's willfulness, fault, or bad faith. *See Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). In reviewing a dismissal sanction, we consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and

3

(5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotation marks omitted).

Since this lawsuit was filed in 2014, Harkey has gone through seven different attorneys, and at other times has proceeded *pro se*. Tellingly, Harkey has not responded to a single discovery request from Defendants since the lawsuit was initiated. As the district court judge found in the order dismissing Harkey's suit: (1) Plaintiff failed to appear at a scheduled deposition in April 2016 or offer any subsequent date for a deposition; (2) Plaintiff failed to serve initial disclosures; (3) Plaintiff failed to respond to any written discovery requests; and (4) Plaintiff made misrepresentations to the court and strategically delayed the litigation by substituting counsel on various occasions.

Harkey's main argument against the dismissal sanction is that, during the period of time in which his deposition was scheduled, he did not have counsel and was not properly served with the deposition notice and with other discovery requests. However, the record unequivocally establishes that Harkey was aware of, and did receive, discovery requests, including the notice of his deposition. Indeed, Harkey even tentatively agreed to attend the deposition. Moreover, Harkey's failure to respond to discovery in this litigation went on for years and persisted even when he was represented by counsel.

4

Viewing the record as a whole, Harkey's bad faith attempts to block discovery demonstrate an unwillingness to have this matter decided on the merits. The district court warned Harkey on several occasions that his disobedience of discovery-related orders could result in the dismissal of his case as part of a sanction, yet that disobedience persisted. Accordingly, considering the five factors, the district court did not abuse its discretion in dismissing Harkey's lawsuit pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

3.      For similar reasons, we uphold the district court's attorneys' fees awards pursuant to its inherent authority and Fed. Rs. Civ. P. 16(f), 30(d), and 37(a)(5), (b)(2), and (d). We review the imposition of attorneys' fees sanctions for abuse of discretion. *See Lu v. United States*, 921 F.3d 850, 862 (9th Cir. 2019). We may affirm a district court's sanctions orders on any grounds supported by the record. *See Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2007).

As a general matter, the attorneys' fees included in a sanctions award must have a direct causal relation to a party's bad faith conduct. *Lu*, 921 F.3d at 859–61 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186–89 (2017)). However, in the exceptional case where a litigant's bad faith conduct is pervasive and egregious, a district court may award all of a party's attorneys' fees in a lawsuit as part of a sanction. *Id.* at 860–61, 863 (holding that all attorneys' fees are awardable where "literally everything [a party] did—'his entire course of conduct

5

throughout,' and indeed preceding, the litigation—was 'part of a sordid scheme.'" (quoting *Goodyear*, 137 S.Ct. at 1188)).

Here, the district court awarded sanctions that reached beyond just those attorneys' fees and costs directly attributable to Harkey's failures to respond to discovery. And while the rationale of the district court's order focused on the discovery-related expenses resulting from Harkey's misconduct, we also affirm the district court's award of attorneys' fees and costs not directly attributable to delays in discovery. In its order, the district court observed that the "same bad faith conduct that motivated the Court to impose the harsh sanction of dismissal is the same conduct that warrants the award of fees and costs against Plaintiff." Dist. Ct. Dkt. No. 576, at *8. Moreover, the district court's order specifically noted, in addition to his failure to cooperate in discovery, Harkey's disobedience of court orders and his misrepresentations to the court. Overall, Harkey's course of conduct in this case amply justifies an attorneys' fees sanction that, as here, includes more than just those fees and costs caused directly by Harkey's failure to respond to discovery requests. *See Lu*, 921 F.3d at 861 ("If a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may again make a blanket award." (quoting *Goodyear*, 137 S.Ct. at 1188)).

4.      Because we affirm the district court's dismissal of this action, Harkey's

6

request for reassignment to another judge is moot.

**AFFIRMED.**