Hal O. COLLIER and Comprehensive Financial Corporation, as Trustee of Investment 191 Trust, Appellants (Defendants),

v.

HILLTOP NATIONAL BANK, as assignee of National Bank of Glenrock, Appellee (Plaintiff).

No. 95–184.

Supreme Court of Wyoming.

June 26, 1996 .

Randall B. Reed and Brandin Hay of Dray, Madison & Thomson, P.C., Cheyenne; and Fred W. Dilts, III, Douglas, for Appellants.

Barry G. Williams of Williams, Porter, Day & Neville, P.C., Casper; and James A. Hardee, Douglas, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Chief Justice.

The district court granted summary judgment in favor of Hilltop National Bank, ruling that property sold for delinquent assessments elsewhere in the state is subject to a redemption period twice that applicable in cities designated as "first class." Failing to find statutory distinction which nullifies constitutional equality of property owners or creditors throughout the state, we reverse.

## I.  ISSUES

Hal O. Collier and Comprehensive Financial Corporation, as Trustee of Investment 191 Trust (Collier), make the following statement of the issues:

I.  Did the district court err in applying the four-year redemption period found at W.S. § 39–3–108 (1995) for redeeming real property sold for delinquent taxes to the redemption of real property sold for a delinquent assessment for local improvements?

II.  Did the district court err in concluding that W.S. § 34–2–131 *et seq.* (1995) did not bar appellee's action to set aside appellant's tax deed?

Hilltop National Bank, as assignee of the National Bank of Glenrock (Hilltop), articulates similar issues for resolution:

A.  Did the district court err in its conclusion that W.S. § 15–6–409, providing for the collection of delinquent assessments from local improvement districts in cities and towns other than cities of the first class, incorporates the four (4) year redemption period found in W.S. § 39–3–108(A)?

B.  Did the district court err in its determination that the appellants' (defendants') possession of the subject real property was not sufficient to invoke the provisions of W.S. § 34–2–131 *et seq. ?*

## II. FACTS

On September 5, 1984, Raymond D. and Sandra Lynn Lythgoe executed a promissory note for $27,770.00 payable to the First National Bank of Glenrock, partially secured by certain real property owned by the Lythgoes. A mortgage deed was recorded with the Converse County Clerk on September 24, 1984.

On August 23, 1989, that property was sold to the Town of Glenrock for non-payment of 1988 local assessments. On August 7, 1991, Collier purchased the property from the Town of Glenrock and was issued a certificate of purchase. On September 6, 1991, Collier notified the National Bank of Glenrock of his intent to apply for a tax deed. On March 27, 1992, Comprehensive Financial Corporation was issued a tax deed by the Converse County Treasurer.

In March of 1993, the National Bank of Glenrock asserted a continuing interest in the property, notifying Collier of their claim. On August 17, 1993, the Converse County Treasurer's Office issued the National Bank of Glenrock a Certificate of Redemption for the property. When Collier continued to exercise acts of dominion over the contested property, the National Bank of Glenrock filed suit.

The district court ruled that by assigning the county treasurer's collection responsibility for delinquent local assessments in other than first class cities, Wyo. Stat. § 15–6–409 (1992) implicitly incorporated the four year period of redemption found in Wyo. Stat. § 39–3–108(a) (1994). Pursuing that rationale, the district court held the two year period of redemption for property sold for delinquent local assessments, as found in Wyo. Stat. §§ 15–6–412(a) and 15–6–418(a) (1992), applicable only to "first class cities" (see Wyo. Stat. § 15–3–101 (1992)). Finding the tax deed to have been issued approximately two and one-half years after the assessment sale, the district court granted summary judgment for Hilltop, as assignee of the National Bank of Glenrock, finding their redemption of the property three years, eleven months and twenty-five days after the assessment sale to have been within the redemption period provided by Wyo. Stat. § 39–3–108(a). This appeal followed.

## III. STANDARD OF REVIEW

Our review of a summary judgment contemplates those same materials available to the district court, affording that court's conclusions of law no particular deference. *Daily v. Bone*, 906 P.2d 1039, 1042 (Wyo. 1995). "If the district court's conclusion of law is correct, we affirm; if it is incorrect, we correct it." *Trefren v. Lewis*, 852 P.2d 323, 325 (Wyo.1993) (*citing Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1042 (Wyo.1993)).

## IV. DISCUSSION

Wyo. Stat. §§ 15–6–401 through 15–6–448 (1992) constitute a comprehensive statutory scheme enacted by the Wyoming legislature to regulate assessments against real property for local improvements. Administration, assessment and collection of property taxes, on the other hand, are controlled by Wyo. Stat. §§ 39–1–101 through 39–3–301 (1994 and Cum.Supp.1995). Although "'assessments for local improvements form an important part of the system of taxation[,]'" assessments are not a tax at all in the constitutional sense and "[p]rovisions relating to taxation generally are not applicable to local assessments or special taxation for improvements." 14 Eugene McQuillin, *The Law of Municipal Corporations*, § 38.01 at 12 (3rd ed. 1987). Notwithstanding some confusion of terminology, the distinction between taxation and assessments is a matter of law. *Barlow v. Lonabaugh*, 61 Wyo. 118, 126–32, 156 P.2d 289, 291–93 (1945).

Wyo. Stat. § 15–6–418 provides, in pertinent portion:

(a) Any property sold for an *assessment* is subject to redemption by the former owner, or his grantee, mortgagee, heir or other representative at any time within two (2) years of the date of the sale, upon [the completion of statutorily mandated prerequisites].

(Emphasis added.)

The district court proposes that because Wyo. Stat. § 15–6–409 requires the county treasurer to collect delinquent assessments

for other than first class cities, "as other general taxes are collected[,]" the four year statute of limitations provided in Wyo. Stat. § 39–3–108(a) applies, making delinquent assessments anywhere other than cities of the first class a redemptive horse of an entirely different color. *See* Wyo. Stat. § 15–1–101 (1992). Reading Wyo. Stat. § 15–6–409 so as to consider its "ordinary and obvious meaning," there is no limitation of the two year redemption period provided therein to first class cities. *See Vigil v. Ruettgers,* 887 P.2d 521, 524 (Wyo.1994).

The redemption of property sold to pay delinquent assessments is controlled by Wyo. Stat. § 15–6–418. Collier followed this statute to the letter. The statute provides a two year redemption period for property sold to pay delinquent assessments. In addition to this two year redemption period, it also provides owners with a final sixty day window within which they can redeem their property. Before a deed can be executed in favor of the payor of the delinquent assessment, the owner must be notified of the payor's intention to seek a deed for the property. The owner then has a final sixty day period in which to redeem the property. If the owner fails to redeem the property within that sixty day period, the deed must be issued to the payor. Hilltop failed to redeem the property within two years after Collier paid the delinquent assessment. Hilltop again failed to redeem the property within sixty days after Collier notified them he was going to request a deed for the property. The entire transaction was controlled by Wyo. Stat. § 15–6–418 and the remaining issues raised by the parties are irrelevant.

## V. CONCLUSION

We are a rural state where great distances separate generally small communities. It makes sense that the larger first class cities would have the existing bureaucratic capacity to collect assessments for local improvements. The remaining cities, towns, and hamlets of our state, being second class only by virtue of their diminutive population figures, have citizens entitled to the same legal protections available to the relatively larger locales. The judgment of the district court is reversed, with directions to enter a judgment in favor of Collier.