OPINION
 

 Per Curiam:
 

 This matter comes to us by way of an original petition for a writ of mandamus. In resolving this petition, we consider the scope of NRS 33.018, which defines acts that constitute domestic violence. Under NRS 33.018, a person convicted of battery commits an act that constitutes domestic violence when the victim is, among other things, the defendant’s spouse, “any other person to whom [the defendant] is related by blood or marriage,” or a person with whom the defendant resides.
 
 [2]
 
 The issue raised here is whether a battery committed by a sister-in-law upon the person of her brother-in-law is an act of domestic violence under NRS 33.018. We conclude that it is.
 

 FACTS AND PROCEDURAL HISTORY
 

 Petitioner, the City of Las Vegas, prosecuted real party in interest Pamela Meunier in the Las Vegas Municipal Court for misdemeanor battery constituting domestic violence as defined by NRS 33.018. The City based its case upon proof that the battery victim, Jack Bocharski, was Meunier’s brother-in-law and upon more marginal proof that Meunier resided with Bocharski and her sister at the time of the altercation. The municipal court found Meunier guilty of the charge but did not specifically indicate whether the battery constituted domestic violence because Meunier resided with Bocharski or because she was related to him.
 
 [3]
 

 
 *543
 
 Meunier timely appealed to the district court,
 
 [4]
 
 arguing that Nevada’s domestic violence statute did not apply to the case at bar because (1) she did not commit the battery against a person to whom she is related by blood or marriage and (2) she did not commit the battery upon someone with whom she resided. The City argued that in-laws are “related by . . . marriage” for the purpose of NRS 33.018 and that Meunier resided with Bocharski. Although finding that a familial relationship clearly existed between Bocharski and Meunier, the district court concluded as a matter of law that NRS 33.018 is ambiguous for failure to clearly include brothers-in-law and sisters-in-law within its definition of persons subject to criminal liability for domestic battery.
 

 The district court then resolved the perceived ambiguity in favor of Meunier, ordered the judgment of conviction amended to reflect a conviction for simple battery without a domestic violence sentencing enhancement, and remanded the case for resentencing. The City now petitions this court for a writ of mandamus directing the district court to recognize that the battery Meunier committed constituted domestic battery under NRS 33.018, based upon Meunier’s relationship and residence with Bocharski.
 
 [5]
 

 We now grant the City’s petition for a writ of mandamus and conclude that a battery by a sister-in-law on a brother-in-law constitutes domestic violence under NRS 33.018.
 

 Standard for writ relief
 

 A writ of mandamus may issue to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion.
 
 [6]
 
 A writ of mandamus, however, will not issue if a petitioner has a plain, speedy, and adequate remedy in the ordinary course of law.
 
 [7]
 
 This court considers whether judicial economy and sound judicial administration militate for or against issuing the
 
 *544
 
 writ.
 
 [8]
 
 However, even when a remedy at law exists, this court may exercise discretion to entertain petitions for extraordinary relief under circumstances revealing “urgency and strong necessity,”
 
 [9]
 
 or when an important issue of law requires clarification and sound judicial economy favors granting the petition.
 
 [10]
 
 Because writs of mandamus are extraordinary remedies, this court has complete discretion to determine whether it will consider them.
 
 [11]
 

 We now grant the writ petition because we conclude that otherwise the City has no adequate legal remedy.
 
 [12]
 
 We further conclude that the writ petition presents a novel issue of law which requires clarification, specifically, whether a battery committed by a sister-in-law on her brother-in-law falls within the statutory definition of domestic violence set forth in NRS 33.018.
 

 Statutory interpretation of NRS 33.018
 

 Even in the context of a writ proceeding, we review questions of statutory interpretation de novo.
 
 [13]
 
 Specifically, “the plain meaning of the words in a statute should be respected unless doing so violates the spirit of the act.”
 
 [14]
 
 However, “[i]f more than one reasonable meaning can be understood from the statute’s language, it is ambiguous, and the plain meaning rule does not apply.”
 
 [15]
 
 In cases in which the plain meaning of the statute is not clear, “[w]e must . . . ascertain the Legislature’s intent by reviewing the statute’s terms and context, along with reason and public policy.”
 
 [16]
 
 In addition, we have held that “ ‘ “[s]tatutes with a protective purpose should be liberally construed in order to effectuate the benefits intended to be obtained.” ”’
 
 [17]
 

 At issue here is the meaning of “related by blood or marriage” as used in NRS 33.018. NRS 33.018 provides, in relevant part:
 

 
 *545
 
 1. Domestic violence occurs when a person commits one of the following acts against or upon his spouse, former spouse, any other person to whom he is
 
 related by blood or marriage,
 
 a person with whom he is or was actually residing, a person with whom he has had or is having a dating relationship, a person with whom he has a child in common, the minor child of any of those persons, his minor child or any person who has been appointed the custodian or legal guardian for his minor child:
 

 (Emphasis added.) We conclude that, by its plain meaning, the term “related by blood or marriage” includes the relationship between a sister-in-law and a brother-in-law.
 
 [18]
 
 First, a person of ordinary intelligence would interpret the phrase “related by blood or marriage” to include a person’s direct in-laws. This is underscored by the inclusion of “spouses” as well as relatives “by marriage” as victims under the statute. Second, utilization of the term “related by blood or marriage” plainly rejects a construct limiting culpability for domestic battery to relationships between the perpetrator and victim based upon consanguinity. Therefore, we conclude that NRS 33.018 plainly includes mothers-in-law, fathers-in-law, sisters-in-law, and brothers-in-law.
 
 [19]
 

 We further conclude that the rule of lenity, generally applicable to ambiguous criminal statutes, does not apply here.
 
 [20]
 
 First, NRS 33.018 is not ambiguous. Second, the mere fact that a statute may be ambiguous does not absolutely require that it be construed in the criminal defendant’s favor. As we held in
 
 English v. State,
 

 [21]
 

 “ ‘no rule of construction requires that a penal statute be strained and distorted to exclude conduct clearly intended to be within its
 
 *546
 
 scope.’ ”
 
 [22]
 
 In the instant case, because the purpose of the domestic violence enhancement is to comprehensively combat domestic violence and reduce recidivism, it would yield a “strained and distorted” result to use the rule of lenity to uphold the district court’s decision.
 
 [23]
 

 CONCLUSION
 

 We conclude, based on the plain meaning of NRS 33.018, that a battery by a sister-in-law on a brother-in-law falls within the definition of domestic violence. Consequently, the district court improperly amended the judgment of conviction to reflect simple battery without a domestic violence enhancement. Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to affirm the municipal court’s judgment of conviction of battery constituting domestic violence.
 
 [24]
 

 [2]
 

 NRS 33.018(l)(a). Ordinary battery, which is not committed with a deadly weapon and does not result in substantial bodily harm, is a misdemeanor that is generally punishable by no more than 6 months in the county jail, or a fine of not more than $1,000, or both a fine and imprisonment, unless otherwise provided by statute.
 
 See
 
 NRS 200.481, 193.150. A first offense of battery that constitutes domestic violence, as defined by NRS 33.018, while still a misdemeanor, is punishable by between 2 days and 6 months imprisonment, between 48 and 120 hours of community service, and a fine of between $200 and $1,000.
 
 See
 
 NRS 200.485(l)(a).
 

 [3]
 

 The municipal court also found Meunier guilty of malicious destruction of property in connection with the altercation that led to the charge and conviction for battery constituting domestic violence. That conviction is not before us in this writ proceeding.
 

 [4]
 

 District courts have exclusive appellate jurisdiction over appeals from misdemeanor convictions rendered in either justice or municipal courts.
 
 See
 
 NRS 177.015, NRS 266.595, and NRS 5.073.
 

 [5]
 

 At the hearing before the district court, Meunier began her argument by addressing whether she resided with Bocharski. However, the district court judge interrupted, indicating her impression that the City had based its domestic violence charge solely upon the relationship between Bocharski and Meunier. The City never corrected the district court and, thus, the district court never addressed whether Meunier resided with Bocharski within the meaning of the statute. Accordingly, we only reach the scope of NRS 33.018 as it relates to the relationship between perpetrators and victims of domestic battery.
 

 [6]
 

 See
 
 NRS 34.160;
 
 Round Hill Gen. Imp. Dist.
 
 v.
 
 Newman,
 
 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).
 

 [7]
 

 See
 
 NRS 34.170.
 

 [8]
 

 See State
 
 v. Babayan, 106 Nev. 155, 175-76, 787 P.2d 805, 819 (1990).
 

 [9]
 

 Id.
 
 at 176, 787 P.2d at 819.
 

 [10]
 

 Redeker
 
 v.
 
 Dist. Ct.,
 
 122 Nev. 164, 167, 127 P.3d 520, 522 (2006).
 

 [11]
 

 Id.
 

 [12]
 

 See
 
 NRS 177.015, NRS 266.595, NRS 5.073.
 

 [13]
 

 Matter of William S.,
 
 122 Nev. 432, 437, 132 P.3d 1015, 1018 (2006).
 

 [14]
 

 Id.
 
 at 437, 132 P.3d at 1018-19.
 

 [15]
 

 Id.
 
 at 437, 132 P.3d at 1019.
 

 [16]
 

 Id.
 
 at 437-38, 132 P.3d at 1019.
 

 [17]
 

 Cote H. v. Dist. Ct.,
 
 124 Nev. 36, 40, 175 P.3d 906, 908 (2008) (quoting
 
 Edgington v. Edgington,
 
 119 Nev. 577, 583, 80 P.3d 1282, 1287 (2003) (alteration in original) (quoting
 
 Colello v. Administrator, Real Est. Div.,
 
 100 Nev. 344, 347, 683 P.2d 15, 17 (1984))).
 

 [18]
 

 We do not address whether NRS 33.018 is unconstitutionally vague because Meunier does not raise the issue in these proceedings. Instead, only the statutory interpretation of NRS 33.018 is at issue in this case.
 

 [19]
 

 Citing to our decision in
 
 Grotts
 
 v.
 
 Zahner,
 
 115 Nev. 339, 989 P.2d 415 (1999), Meunier argues that this court should, under an ambiguity analysis, hold that NRS 33.018 only applies to domestic violence victims related to the perpetrator within the first degree of consanguinity. However, while we held in
 
 Grotts
 
 that immediate family members, those within the first degree of consanguinity, could clearly bring actions for negligent infliction of emotional distress based upon direct injuries to other family members, we did not prohibit “in-laws” from bringing claims.
 
 Id.
 
 at 341 n.1, 989 P.2d at 416 n.1. Rather, we left the question of whether in-laws have standing to bring such claims to the fact-finder.
 
 Id.
 
 at 341, 989 P.2d at 416.
 

 [20]
 

 The rule of lenity “calls for the liberal interpretation of criminal statutes to favor the accused in resolving ambiguities.”
 
 Hernandez
 
 v.
 
 State,
 
 118 Nev. 513, 523-24, 50 P.3d 1100, 1107-08 (2002).
 

 [21]
 

 116 Nev. 828, 832, 9 P.3d 60, 62 (2000).
 

 [22]
 

 Id.
 
 (quoting
 
 Poison v. State,
 
 108 Nev. 1044, 1047 n.4, 843 P.2d 825, 827 n.4 (1992)).
 

 [23]
 

 Id.
 
 We also conclude that because Meunier had adequate notice of the domestic violence penalty enhancement, the reasoning set forth in the dissent in
 
 English
 
 does not apply here.
 
 Id.
 
 at 838-40, 9 P.3d at 66-67 (Leavitt, J., dissenting).
 

 [24]
 

 We have reviewed Meunier’s claim that this petition is moot because the district court granted her motion to vacate the stay of the order challenged in this petition and conclude that it lacks merit. In this, we note that we previously concluded, in an order denying Meunier’s motion for an extension of time to file her answer, that the district court’s decision regarding the continuance of the stay had not dispositive effect on this petition. Accordingly, this petition is not moot.