An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DARREN RUTHERFORD,<br>Petitioner,<br>vs.<br>HENDERSON MUNICIPAL COURT;<br>AND THE HONORABLE DIANA<br>HAMPTON,<br>Respondents,<br>and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 68583<br><br>**FILED**<br><br>SEP 1 1 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges the municipal court's refusal to allow petitioner Darren Rutherford to withdraw his guilty plea (no contest) and a district court order denying his petition for a writ of mandamus in which he contested the municipal court's decision.[1]

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601,

---

[1]Rutherford also asserts that the Nevada Court of Appeals erred in denying his original petition for a writ of mandamus. Because he has not demonstrated that the Court of Appeals manifestly abused its discretion by denying his petition, *see State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev., Adv. Op 84, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion and an arbitrary or capricious exercise of discretion), no relief is warranted.

637 P.2d 534 (1981). A writ of mandamus will not issue, however, if petitioner has a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.170. Here, the district court's order denying Rutherford's mandamus petition is an appealable determination. *See* NRS 2.090(2) (providing for an appeal "from an order granting or refusing to grant . . . mandamus in the case provided for by law"); NRAP 3A(b)(1) (providing that an appeal may be taken from district court orders in civil actions, including "[a] final judgment entered in an action or proceeding commenced in the court in which the judgment is rendered"). Therefore, he had an adequate legal remedy to challenge the district court's order, and he has provided no basis upon which we should nevertheless exercise our discretion to consider the petition. *See City of Las Vegas v. Eighth Judicial Dist. Court (Meunier)*, 124 Nev. 540, 544, 188 P.3d 55, 58 (2008) (observing that this court may exercise its discretion to consider petitions for extraordinary relief even if an adequate remedy at law exists "under circumstances revealing urgency and strong necessity, or when an important issue of law requires clarification and sound judicial economy favors granting the petition") (internal quotation marks omitted). Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

 

cc: Hon. Diana Hampton, Municipal Court Judge
The Pariente Law Firm, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk