134 Nev., Advance Opinion 11

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL PAWLIK,
Appellant,
vs.
SHYANG-FENN DENG AND LINDA
HSIANG-YU CHIANG DENG,
TRUSTEES OF THE SHYANG-FENN
AND LINDA HSIANG-YU CHIANG
DENG REVOCABLE TRUST DATED
AUGUST 18, 2006; VANETTA
APPLEYARD, TREASURER OF THE
CITY OF LAS VEGAS; AND THE CITY
OF LAS VEGAS, A POLITICAL
SUBDIVISION,
Respondents.

No. 71055

FILED

MAR 01 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss and denying a petition for a writ of mandamus in an action to quiet title. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Affirmed.*

Walsh, Baker & Rosevear P.C. and James M. Walsh, Reno,
for Appellant.

Black & LoBello and Steven J. Mack, Las Vegas,
for Respondents Shyang-Fenn Deng and Linda Hsiang-Yu Chiang Deng, Trustees of the Shyang-Fenn and Linda Hsiang-Yu Chiang Deng Revocable Trust dated August 18, 2006.

Bradford R. Jerbic, City Attorney, and John A. Curtas, Deputy City Attorney, Las Vegas,
for Respondents Vanetta Appleyard, Treasurer of the City of Las Vegas, and the City of Las Vegas.

BEFORE THE COURT EN BANC.

## OPINION

By the Court, GIBBONS, J.:

In this appeal we are asked to interpret NRS 271.595, a statute governing redemption of property sold for default on city tax assessments. The issue is how to interpret two distinct redemption periods in NRS 271.595: one that creates a clear redemption period of two years for residential properties, and a second that creates an ambiguous 60-day redemption window after notice that the certificate of sale holder will demand a deed for the property. The parties dispute whether the 60-day period begins at the end of the first two-year redemption period, or whether the 60-day period may run concurrently at the end of the two-year period. The district court read NRS 271.595 as creating two distinct redemption periods that cannot overlap and dismissed appellant Paul Pawlik's quiet title action and petition for a writ of mandamus. We agree with the district court, and, to protect the redemption rights of former owners, we hold that NRS 271.595 creates two consecutive redemption periods.

## FACTS AND PROCEDURAL HISTORY

Respondents Shyang-Fenn Deng and Linda Hsiang-Yu Chiang Deng, as trustees of their revocable trust (the Dengs), defaulted on special assessments on their Las Vegas residential real property, which entered delinquency. As a result, the property underwent a duly noticed and authorized sale, under NRS Chapter 271. On January 27, 2014, Pawlik (or his predecessor-in-interest) purchased the real property at the sale and was issued a sales certificate. Under NRS 271.595(1), the Dengs were then

 

entitled to a two-year redemption period from that date.[1] On January 7, 2016, Pawlik began attempting to serve the Dengs with notice of the upcoming expiration of the redemption period and Pawlik's intent to apply for a deed pursuant to NRS 271.595(3).

On March 14, 2016, 47 days after the Dengs' two-year redemption period expired and 67 days after Pawlik began attempting service, Pawlik applied to respondent the Las Vegas City Treasurer for issuance of a deed to the property. The Treasurer refused to issue the deed

---

[1]NRS 271.595 states in relevant part:

> 1. Any property sold for an assessment . . . is subject to redemption by the former owner . . . (a) If there was a permanent residential dwelling unit . . . on the property at the time [of] sale . . . , at any time within 2 years . . . after the date of the certificate of sale . . . .
>
> . . . .
>
> 3. If no redemption is made within the [2-year] period of redemption . . . the treasurer shall, on demand of the purchaser . . . execute . . . a deed to the property. No deed may be executed until the holder of the certificate of sale has notified the owners of the property that he or she holds the certificate, and will demand a deed therefor. The notice must be given by personal service upon the owner. However, if an owner is not a resident of the State or cannot be found within the State after diligent search, the notice may be given by publication. . . .
>
> 4. If redemption is not made within 60 days after the date of service, or the date of the first publication of the notice, as the case may be, the holder of the certificate of sale is entitled to a deed. . . .

to Pawlik, and the Dengs later redeemed on April 6, 2016, by making full payment to the City of Las Vegas. Pawlik subsequently filed a complaint to quiet title and applied for a writ of mandamus in the district court compelling the Treasurer to issue the deed. In turn, the Dengs filed a motion to dismiss. The district court granted the Dengs' motion to dismiss and denied Pawlik's petition for a writ of mandamus, interpreting NRS 271.595 to require that the 60-day notice and additional redemption period begin after the end of the two-year redemption period. Because Pawlik had attempted service on the Dengs prior to the end of the two-year redemption period and because this provided the Dengs with less than two years and 60 days of redemption, the district court found Pawlik had provided the Dengs with premature and ineffective notice. Accordingly, the Dengs were allowed to redeem their property. Pawlik now appeals that order.

## DISCUSSION

*NRS 271.595(3) creates an additional 60-day notice and redemption period*

This court reviews questions of statutory interpretation de novo. *Pankopf v. Peterson*, 124 Nev. 43, 46, 175 P.3d 910, 912 (2008); *City of Las Vegas v. Eighth Judicial Dist. Court*, 124 Nev. 540, 554, 188 P.3d 55, 58 (2008) ("Even in the context of a writ proceeding, we review questions of statutory interpretation de novo."). "When the language of a statute is clear on its face, this court will not go beyond the statute's plain language." *J.E. Dunn Nw., Inc. v. Corus Constr. Venture, LLC*, 127 Nev. 72, 79, 249 P.3d 501, 505 (2011) (internal quotations and alterations omitted). However, if the statutory language is subject to two or more reasonable interpretations, the statute is ambiguous, and we then look beyond the statute to the legislative history and interpret the statute in a reasonable manner "in light

SUPREME COURT
OF
NEVADA

(O) 1947A

4

of the policy and the spirit of the law." *Id.* (internal quotations omitted); *see Pankopf*, 124 Nev. at 46, 175 P.3d at 912.

Pawlik argues the district court's interpretation of NRS 271.595 is incorrect because the statute contains no language mandating that the 60-day notice period begin only after the two-year redemption period expires. In response, the Dengs argue Pawlik's interpretation would allow a certificate holder to completely overlap the 60-day period with the two-year period, thus rendering the additional 60-day redemption period meaningless. However, Pawlik counters that attaching the 60-day period to the end of the two-year period causes "at least 26 mandatory months to exist in a statute that contemplates 24 months of redemption period."

NRS 271.595(3) states "[i]f no redemption is made within the period of redemption as determined pursuant to subsection 1, the treasurer shall, on demand of the purchaser or the purchaser's assigns, . . . execute to the purchaser or the purchaser's assigns a deed to the property." This provision is plainly a mandate to the treasurer to execute a deed once the certificate holder has fulfilled the requirements of NRS 271.595. Additionally, "[n]o deed may be executed until the holder of the certificate of sale has notified the owners of the property that he or she holds the certificate, and will demand a deed therefor." This plainly mandates that the owners of the property must be notified prior to execution of the deed and the treasurer may not act until that notice has been given. Based on this provision alone, it would appear that a certificate holder could notify the owners at any time subsequent to obtaining the certificate of sale that he intends to demand the deed at the expiration of the redemption period set forth in subsection 1.

However, NRS 271.595(4) further states as follows:

> If redemption is not made within 60 days after the date of service, or the date of the first publication of the notice as the case may be, the holder of the certificate of sale is entitled to a deed.

This provision creates ambiguity. As Pawlik argues, it is a reasonable interpretation of this statute that the entire notice period could take place during the redemption period prescribed in subsection 1, thus making the property owner automatically eligible for a deed at the end of that prescribed redemption period. However, the Dengs are also correct that this interpretation ignores portions of NRS 271.595(4) as they relate to the rest of the statute. Under the other provisions of NRS 271.595, the holder of the certificate of sale is *not* entitled to a deed after giving 60 days of notice, rather he must wait the remainder of the period outlined in subsection 1. Thus, the only way the certificate holder would be entitled to a deed at the end of a 60-day notice period is if the redemption period prescribed in subsection 1 had already expired. Additionally, under the other provisions of NRS 271.595, owners are given the full period outlined in subsection 1 to redeem, not 60 days. The only way property owners seeking redemption would be limited to a 60-day window is if that 60-day window exists outside the window prescribed in subsection 1. Therefore, it is also a reasonable interpretation of NRS 271.595 that the 60-day notice and redemption period outlined in subsection 4 must occur after the end of the redemption period outlined in subsection 1.

Thus, when viewing NRS 271.595 as a whole, both parties' interpretations of subsection 4 are reasonable, and so we look beyond NRS 271.595 to resolve this ambiguity. In doing so, we recognize that "[a] statute must be construed as to give meaning to all of [its] parts and

language . . . [and] a statute should not be read in a manner that renders a part of a statute meaningless." *V & S Ry. LLC v. White Pine Cty.*, 125 Nev. 233, 239, 211 P.3d 879, 882 (2009) (internal quotations omitted) (citations omitted) (quoting *Harris Assocs. v. Clark Cty. Sch. Dist.*, 119 Nev. 638, 642, 81 P.3d 532, 534 (2003)).

We determine the meaning of a statute's words by "examining the context and the spirit of the law" by looking to "the statute's multiple legislative provisions as a whole." *Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007). NRS Chapter 271 states in relevant part that its provisions should be "broadly construed" and that the "notices herein provided are reasonably calculated to inform each interested person of his or her legally protected rights." NRS 271.020(5)-(6). NRS 271.595 carves out a redemption period for the former owners of the property who have become delinquent on city tax assessments. The statute outlines a number of hurdles the certificate holder must overcome to divest the former owners of their power of redemption and rights to the property. While the certificate holder does indeed have a right to an eventual deed upon compliance with NRS 271.595, the overriding interest of the statute is to create a process designed to protect the redemption rights of the former owner. Thus, NRS 271.595 should be "broadly construed" so that "notices . . . are reasonably calculated to inform [the former owners of their] legally protected rights."

Beyond the statutory context, when interpreting ambiguous statutes, this court also "look[s] to the statute's legislative history and construe[s] the statute in a manner that conforms to reason and public policy." *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014) (internal quotations omitted). The legislative minutes for the 1969 adoption

of NRS 271.595 indicate the statute was based on similar Idaho and Wyoming statutes. *Meeting on S.B. 74 Before the Committee on Federal, State and Local Governments*, 169 Leg., 55th Sess. (Nev. 1969) (Minutes of the Meeting—March 6, 1969) ("The remedy of summary sale is based on existing Idaho and Wyoming statutes and only applies when the municipal treasurer is collecting assessment."). The relevant Wyoming statute mirrors NRS 271.595's language almost verbatim, and Wyoming has expressly identified the 60-day period as an additional redemption period as well as a notice period. Wyo. Stat. Ann. 1977 § 15-6-418 (1965); *Collier v. Hilltop Nat'l Bank*, 920 P.2d 1241, 1243 (Wyo. 1996) ("In addition to this two year redemption period, it also provides owners with a *final sixty day window within which they can redeem their property*." (emphasis added)).

Further, the Nevada Legislature has contemplated an additional redemption window in another similar, but distinguishable, municipal redemption statute. "[U]nder NRS 361.603, if a local government wishes to purchase property *which was not redeemed during the two-year redemption period*, notice must first be given to the last known owner of the property. The owner is *then given an additional 90 days in which to redeem the property* by paying the delinquent taxes, plus penalties, interest and costs." *Casazza v. A-Allstate Abstract Co.*, 102 Nev. 340, 346, 721 P.2d 386, 390 (1986) (interpreting NRS 361.585 and NRS 361.603 together) (emphases added); *see* NRS 361.603(3) ("The last known owner may, within 90 days after the notice, redeem the property by paying to the treasurer the amount of the delinquent taxes, plus penalties, interest and costs."). NRS 361.603 and NRS 361.585 thus demonstrate some evidence of the Legislature's intent to create a second chance redemption window in certain circumstances.

 

Considering the legislative history and the context of the statute, the district court's interpretation of NRS 271.595 is the most reasonable.[2] *See Stockmeier v. Psychological Review Panel*, 122 Nev. 534, 540, 542, 135 P.3d 807, 810, 812 (2006) (explaining that this court's statutory interpretation should reach a reasonable result). We have long recognized the importance of a former owner's right to redeem and have held that such a right "will not be taken away except upon strict compliance with steps necessary to divest it." *Robinson v. Durston*, 83 Nev. 337, 355, 432 P.2d 75, 86 (1967). Thus, we hold the district court did not err in its interpretation and NRS 271.595(3) and (4) create a 60-day notice and redemption period, notice of which may only be given and which may only begin after the end of the redemption period described in NRS 271.595(1).

---

[2]This court and another Nevada district court have arguably interpreted NRS 271.595 to mean the 60-day period is an additional redemption period; however, neither case hinged on the issue. *Las Vegas Paving Corp. v. RBC Real Estate Fin., Inc.*, Nos. 60599, 60822, *3 (Order of Reversal and Remand, Sept. 21, 2015) ("NRS 271.595(3) requires the treasurer to provide a deed to the purchaser at the tax sale, but only after *notice of a demand* for the deed has been given by the holder of the certificate of the tax sale to the owners of the property. Further, if redemption is not made within 60 days after the date of service of the notice required in NRS 271.595(3), the deed may issue." (emphasis added)); *see also Weiner v. Kramer*, No. 15A715904 (Decision and Order, Eighth Judicial Dist. Court, Sept. 16, 2015) (wherein certificate holders were issued a certificate of sale on July 24, 2012, but deed was not recorded until February 27, 2015, after "60 days lapsed with no redemption under NRS [Chapter] 271"). This court's interpretation of the notice as "notice of a demand" rather than notice of the intent to demand indicates that notice would occur after the two-year window, once the certificate holder is capable of demanding a deed from the treasurer. Additionally, the district court order clearly reads the 60-day period as an additional redemption period.

 

Applying this holding to this case, Pawlik (or his predecessor-in-interest) purchased the real property at a January 27, 2014, sale and the Dengs' initial two-year redemption period ran until January 26, 2016. NRS 271.595(1)(a). After the end of that two-year redemption period, Pawlik was permitted to serve the Dengs with a 60-day notice that he was the holder of the certificate of sale and that he would demand a deed from the City Treasurer. NRS 271.595(3). The Dengs were then entitled to redeem within that 60-day notice period. NRS 271.595(4). Upon expiration of that 60-day notice and redemption period, Pawlik would have been entitled to a deed and the City Treasurer would have been compelled to issue it. NRS 271.595(3)-(4). Pawlik, however, began his attempts to serve the Dengs with notice on January 7, 2016, and finished his attempts before the expiration of the two-year redemption period on January 26, 2017. He then requested a deed from the Treasurer on March 14, 2016, less than 60 days after the Dengs' two-year redemption period expired. Thus, under NRS 271.595, Pawlik provided premature notice to the Dengs and was not entitled to a deed at the time of his application.

While not in strict compliance with our interpretation of NRS 271.595, Pawlik argues that he substantially complied with NRS 271.595 and that the notice he provided was sufficient to start the 60-day period running at the end of the initial two-year period. Thus, he argues the Treasurer's issuance of the deed should have been automatically compelled upon expiration of the two-year and 60-day period. We find this argument unpersuasive.

*NRS 271.595 requires strict compliance*

As we have explained, "[a] [statute] may contain both mandatory and directory provisions." *Markowitz v. Saxon Special*

SUPREME COURT
OF
NEVADA


(O) 1947A

*Servicing*, 129 Nev. 660, 664, 310 P.3d 569, 571 (2013) (citing *Leven*, 123 Nev. at 408 n.31, 168 P.3d at 718 n.31; *see also Einhorn v. BAC Home Loans Servicing, LP*, 128 Nev. 689, 696, 290 P.3d 249, 254 (2012)). A statute's provisions are mandatory "when its language states a specific time and manner for performance." *Id.* at 664, 310 P.3d at 572 (internal quotation omitted). "Time and manner refers to when performance must take place and the way in which the deadline must be met." *Id.* In contrast, directory provisions are those governing "form and content," which "dictate who must take action and what information that party is required to provide" and "do not implicate notice." *Id.* at 664-65, 310 P.3d at 572 (internal quotations omitted). An additional consideration is that "the right to redeem . . . will not be taken away except upon strict compliance with steps necessary to divest it." *Robinson*, 83 Nev. at 355, 432 P.2d at 86.

In this case, we interpret NRS 271.595(3) and (4) to require a 60-day notice and redemption period occurring after the initial redemption period in NRS 271.595(1). NRS 271.595(3) and (4) require certain notice and provide a specific time and manner of performance to complete that notice and inform the City Treasurer of its completion. Further, NRS 271.595(3) and (4) operate to divest a former owner of his or her right to redeem. Thus, we hold that NRS 271.595, implicating both notice *and* redemption, contains mandatory provisions.

"[I]n determining whether strict or substantial compliance is required, [we] examine . . . policy and equity considerations" in addition to the statute's provisions. *Leven*, 123 Nev. at 406-07, 168 P.3d at 717. In the context of relevant notice, we have held that substantial compliance may be appropriate when providing notice of mechanics' liens or notice of default. *Las Vegas Plywood & Lumber, Inc. v. D & D Enters.*, 98 Nev. 378, 380, 649

P.2d 1367, 1368 (1982) (holding substantial compliance is appropriate under NRS 108.227); *see also Schleining v. Cap One, Inc.*, 130 Nev. 323, 330, 326 P.3d 4, 8 (2014) (holding substantial compliance is appropriate under NRS 107.095). However, we have not applied the same analysis to notice under NRS Chapter 271, and we decline to do so now.

The assessments here, imposed by the city after making improvements benefiting the homeowner, are somewhat analogous to a mechanic's lien under NRS Chapter 108 in that they secure payment for those improvements. *See In re Fontainebleau Las Vegas Holdings, LLC*, 128 Nev. 566, 574-75, 289 P.3d 1199, 1210 (2012). The policy rationale behind NRS Chapter 271 is to facilitate the city's ability to levy taxes for necessary improvements brought on by population growth. NRS 271.020(1)-(4). The statutes within the chapter are to be construed broadly "for the accomplishment of [that] purpose[ ]." NRS 271.020(5). However, that purpose is served whether the city receives payment through the former homeowner or the certificate holder. Thus, the purpose of NRS Chapter 271, protecting the city's right to repayment, is still served by protecting the rights of the former homeowner through strict compliance with NRS 271.595. Here, the City of Las Vegas suffered no injury by requiring strict compliance from Pawlik, as it eventually received full payment through the Dengs' redemption. Thus, while this court has held "mechanic's lien statutes are remedial in character and should be liberally construed," the remedial nature of NRS 271.595 is limited and the substantial compliance analysis inapposite where the City of Las Vegas itself denied Pawlik's application and is joined in this matter as a respondent. *See In re Fontainebleau Las Vegas Holdings*, 128 Nev. at 574-75, 289 P.3d at 1210.

Additionally, our analysis in *Schleining*, wherein we applied substantial compliance to notice under NRS 107.095, was primarily driven by the fact that the language "substantially comply" was located elsewhere within the chapter and showed "the Legislature specifically envisioned that the purposes behind NRS 107.080's notice and timing requirements could be achieved even if these requirements were not strictly adhered to." 130 Nev. at 330, 326 P.3d at 8. No such express language exists within NRS Chapter 271, and we decline to insert it. Furthermore, the notice here concerns a relatively obscure assessment levied by the city, not a loan default or a mechanic's lien levied by a private party. Additionally, rather than the first notice of a default or perfection of a lien, NRS 271.595 governs the final notice required to completely divest a former owner of any right to redeem his or her property.

Here, no legislative intent or policy considerations compel us to divert from the interpretation that the requirements in NRS 271.595 implicate notice, are mandatory, and require strict performance.[3] Pawlik attempted to give premature notice prior to the expiration of the two-year redemption period in NRS 271.595(1)(a). Thus, Pawlik failed to strictly comply with NRS 271.595, and his attempted notice was ineffective to trigger the second 60-day redemption period.

## CONCLUSION

We hold that NRS 271.595(3) and (4) create a 60-day notice and redemption period that must occur after the redemption period described in NRS 271.595(1) and that NRS 271.595 mandates strict compliance.

---

[3]Accordingly we need not address appellant's arguments that respondents were not prejudiced by early notice.

Accordingly, Pawlik's notice did not comply with the statutory provisions, and we affirm the district court's order.

_____, J.
Gibbons

I concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Parraguirre

HARDESTY, J., with whom PICKERING and STIGLICH, JJ., agree, dissenting:

I respectfully dissent to the majority's interpretation of NRS 271.595. Contrary to the plain language of NRS 271.595 and the statutory scheme found in NRS 271.540 to 271.630, the Dengs argue, and the majority accepts, that two additional months are added to the two-year redemption period following a Municipal Treasurer's sale for defaulted tax assessments. I disagree.

"When a statute is clear on its face, we will not look beyond the statute's plain language." *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 792-93 (2006).

NRS 271.595 states, in relevant part:

> 1. Any property sold for an assessment . . . is subject to redemption by the former owner . . . :
>
> (a) If there was a permanent residential dwelling unit or any other significant permanent improvement on the property at the time the sale was held . . . at any time *within 2 years . . . after the date of the certificate of sale* . . . .
>
> . . . .
>
> 3. *If no redemption is made within the period of redemption as determined pursuant to subsection 1, the treasurer shall*, on demand of the purchaser or the purchaser's assigns, and the surrender to the treasurer of the certificate of sale, *execute to the purchaser or the purchaser's assigns a deed to the property. No deed may be executed until* the holder of the certificate of sale has notified the owners of the property *that he or she holds* the certificate, and *will demand* a deed therefor. The notice must be given by personal service upon the owner. However, if an owner is not a resident of the State or cannot be found within the State after diligent search, the notice may be given by publication. . . .

 

> 4. If redemption is not made within 60 days after the date of service, or the date of the first publication of the notice, as the case may be, the holder of the certificate of sale is entitled to a deed.

(Emphasis added.)

The plain language of NRS 271.595(1)(a) creates a two-year redemption period for the former owner to redeem the property. And, NRS 271.595(3) mandates the Treasurer to issue a deed to the certificate holder "[i]f no redemption is made within the period of redemption as determined pursuant *to subsection 1 . . . .*" (Emphasis added.)

The Dengs argue that the notice provision in subsection 4 provides the owner an additional 60 days to redeem the property. While NRS 271.595(3) and NRS 271.595(4) require the certificate holder to provide notice to the owner that he or she holds the certificate and will seek a deed, nothing in those subsections requires that notice be given after the two-year redemption period expires. Instead, the notice assures that the owner is informed that the certificate holder possesses the certificate and intends to seek a deed to the property. *See* NRS 271.020(6) (stating that notices provided in NRS Chapter 271 "are reasonably calculated to inform each interested person of his or her legally protected rights") The Dengs' argument ignores the function and purpose of the notice provision in the statutory scheme, which is to alert the former owner that the purchaser will seek a deed. The 60-day period measures the time that must elapse before the Treasurer is compelled to issue the deed and recognizes the obvious—if redemption has already occurred, no deed issues. But, nothing in that process allows for an extra two months to redeem the property.

The majority maintains that NRS 271.595 is ambiguous. But to be ambiguous, each party must provide a reasonable interpretation of the statute. *See Irving v. Irving*, 122 Nev. 494, 496, 134 P.3d 718, 720 (2006).

"Where alternative interpretations of a statute are possible, the one producing a reasonable result should be favored." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 113 Nev. 265, 272, 934 P.2d 229, 233 (1997) (internal quotation marks omitted).

However, neither party argues that the statute is ambiguous. Instead, the Dengs argue that subsection 4's "clear language" is susceptible to only one interpretation and allowing the 60-day notice to be given within the two-year redemption period renders the 60-day notice requirement meaningless. Pawlik argues that interpreting the statute to require that notice be given after the two-year period expires effectively creates a two-year and sixty-day redemption period, which is contrary to the express language in NRS 271.595(1)(a). But the fundamental defect in the parties' and majority's interpretations is reading NRS 271.595 to require that notice be given at a certain time in conjunction with the two-year redemption period. Neither subsection 3 nor 4 states when the notice must be given, only that the notice be given before the Treasurer must issue a deed to the certificate holder. Thus, notice could be given during the two-year redemption period specified in subsection 1(a), or it could be given after that period expires. If the notice is given during the two-year period specified in subsection 1(a), the 60-day notice period may overlap the two-year redemption period, and the deed may not be issued if redemption occurs within that overlapping time. However, any length of time beyond the two-year redemption period that remains for the 60-day notice requirement to run does not extend the time of redemption; rather, it delays the issuance of the deed until the 60 days expires. It would be absurd to conclude that the 60-day notice given during the two-year statutory redemption period shortens the redemption period, and it is equally absurd to conclude that

SUPREME COURT
OF
NEVADA

(O) 1947A

3

the 60-day period is a mandatory extension of the statutory redemption period. Whether the owner may redeem within the 60 days after service of the notice is governed by the length of the redemption period, not the length of the notice after service. Therefore, if notice is given after the redemption period, it simply delays the issuance of the deed but does not add time to the redemption period because that period has already expired.

"Statutory provisions should, whenever possible, be read in harmony provided that doing so does not violate the ascertained spirit and intent of the legislature." *City Council of City of Reno v. Reno Newspapers, Inc.*, 105 Nev. 886, 892, 784 P.2d 974, 978 (1989). The statutory framework makes clear that NRS 271.595 creates a two-year redemption period. First, NRS 271.570, which governs the requirements for the certificate of sale, mandates that the certificate of sale state "that the purchaser is entitled to a deed *upon the expiration of the applicable period of redemption as determined pursuant to subsection 1 of* NRS 271.595, unless redemption is made." (Emphasis added.) If the 60-day period in NRS 271.595(4) was meant to be a second redemption period, NRS 271.570's express reference to NRS 271.595(1) would be illogical. Second, NRS 271.575 twice refers to the "period of redemption as determined pursuant to subsection 1 of NRS 271.595." Thus, the specific references to the single redemption period in subsection 1 of NRS 271.595 throughout the statutory framework demonstrate that the notice provision in subsection 4 is not an additional redemption period.

The only reasonable interpretation of the statute is the one that gives full effect to the plain language of all of the provisions of the statute, by recognizing that an owner has two years to redeem his or her property from the date of the certificate of sale; a certificate holder must serve notice

to the owner that he or she has the certificate and intends to seek a deed; and the Treasurer must issue a deed if the property has not been redeemed 60 days before the expiration of the notice. Had the Legislature intended a different redemption period, it would have created that time period in subsection 1(a). *See McGrath v. State Dep't of Pub. Safety*, 123 Nev. 120, 123, 159 P.3d 239, 241 (2007) ("[W]e presume that the Legislature intended to use words in their usual and natural meaning."). Indeed, as the majority points out, the Legislature knows how to create an additional redemption period, as it has expressly done so in a municipal redemption statute. *Cf.* NRS 361.603(3) ("The last known owner may, within 90 days after the notice, redeem the property by paying to the treasurer the amount of the delinquent taxes, plus penalties, interest and costs."). Notably, the Legislature did not do so in NRS Chapter 271.

Finally, the district court concluded, and the majority agrees, that Pawlik's notice of intent to seek the deed was premature and ineffective because he began his attempts to serve notice prior to the expiration of the two-year redemption period. However, this determination is contrary to the plain language of NRS 271.595. As noted earlier, there is nothing in NRS 271.595(3) or NRS 271.595(4) that states when the 60-day notice must be given. Further, subsection 4 of NRS 271.595 expressly provides that "[i]f redemption is not made within 60 days after the date of service, *or the date of the first publication of the notice,* . . . the holder of the certificate of sale is entitled to a deed." (Emphasis added.) The district court's invalidation of the service of the 60-day notice in this case runs contrary to the plain language of subsection 4. In this case, Pawlik first published his notice of intent to seek the deed on January 13, 2016. Thus, under NRS 271.595(4), the 60-day period began running on that date and concluded on March 13,

2016. However, the Dengs did not redeem until April 6, 2016. Even if NRS 271.595 creates two consecutive redemption periods, neither the district court nor the majority explain how the notice was ineffective or how they determine that the 60-day period can only commence after the two-year redemption period expires. Accordingly, I conclude that the district court erred in finding Pawlik's notice ineffective because nothing in NRS 271.595(3) or (4) requires the 60-day notice to be given after the two-year redemption period expires.

Because NRS 271.595(1)(a)'s plain language creates a statutory two-year period of redemption, and the Dengs failed to redeem the property within that period, I would reverse the district court's order dismissing Pawlik's quiet title action.

_____, J.
Hardesty

We concur:

_____, J.
Pickering

_____, J.
Stiglich